ALEXANDER KENNEDY *versus* THOMAS M. BRADBURY.

A colt is exempt from attachment when the debtor owns neither oxen nor horses, of the statutory value.

ON EXCEPTIONS.

TRESPASS for taking and converting a colt two years old in the spring before the same was taken.

The defendant justified as a deputy sheriff holding an execution against the plaintiff.

The plaintiff proved that, at the time of the taking, he owned neither oxen nor horses.

The presiding Judge ruled that the colt was exempt from attachment, and the defendant alleged exceptions.

*J. Granger*, for the plaintiff.

*W. C. Copeland*, for the defendant.

APPLETON, C. J.—By R. S., 1857, c. 81, § 36, "one pair of working cattle or, instead thereof, one or two horses, not exceeding in value two hundred dollars," are exempted from attachment or seizure on execution.

The exemption is for the benefit of the debtor. If not able to own a pair of oxen or a horse or horses of the statutory value, it would be a strange doctrine to deny his right to own a colt, which, in process of time, will soon become a horse. When a cow is by law exempt from attachment, it has been held that a heifer, if the owner has no cow, is exempt from attachment. *Dow* v. *Smith*, 7 Vermont, 465; *Freeman* v. *Carpenter*, 10 Vermont, 433. The same prin-

ciple applies in the case at bar, as the value of the colt does not exceed the amount allowed by statute. The exemption is alike within the spirit and intention of the Act and the decisions under it. *Bonsey* v. *Newbegin*, 48 Maine, 410.

*Exceptions overruled.*

CUTTING, KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.